1  Sheri M. Thome, Esq.
   Nevada Bar No. 008657
2  **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
   300 South Fourth Street, 11th Floor
3  Las Vegas, Nevada  89101
   (702) 727-1400; FAX (702) 727-1401
4  sheri.thome@wilsonelser.com

5  ~and~

6  Kate S. Lehrman, Esq.
   California Bar No. 123050
7  Robert A. Philipson, Esq.
   California Bar No. 108940
8  **ROGAN LEHRMAN LLP**
   12121 Wilshire Boulevard, Suite 1300
9  Los Angeles, California 90025-1166
   (310) 917-4500; FAX (310) 917-5677
10 klehrman@roganlehrman.com
   rphilipson@roganlehrman.com
11 **(will comply with LR IA 10-2 within 30 days)**

12 *Attorneys for Plaintiff*
   *BMW of North America LLC*
13

14               **UNITED STATES DISTRICT COURT**

15                    **DISTRICT OF NEVADA**

16
   BMW OF NORTH AMERICA, LLC, a Delaware        | CASE NO:
17 limited liability company,
                                                  **COMPLAINT FOR COMPENSATORY**
18               Plaintiff,                        **AND PUNITIVE DAMAGES FOR**
                                                  **VIOLATION OF 49 U.S.C. § 32703(3),**
19        v.                                       **VIOLATION OF 49 U.S.C. § 32703(2) AND**
                                                  **FRAUD**
20 LYLE ANDREW EPSTEIN, an individual;
   KORTEK SERVICES, INC., a Nevada corporation,
21
                 Defendants.
22

23
           Plaintiff, BMW of North America, LLC ("BMW NA"), for claims for relief against
24
   defendants, and each of them, and complains and alleges as follows:
25
                         **JURISDICTION AND VENUE**
26
           1.      This Court has original subject matter jurisdiction of this action, pursuant to 28
27
   U.S.C. § 1331 and 49 U.S.C. § 32710(b), because this action arises under the laws of the United
28
   States.  This Court also has original subject matter jurisdiction of this action, pursuant to 28 U.S.C. §

282291.1

1332(a)(3), because it is between citizens of different states and the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs.  This Court has supplemental subject

matter jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. § 1367(a),

because the claims set forth herein are so related to the claims in the action within the Court's

original jurisdiction that they form part of the same case or controversy under Article III of the U.S.

Constitution.

   2.  Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) because, among other

things, defendants reside in this district and a substantial part of the events or omissions giving rise

to BMW NA's claims occurred in this district.

## THE PARTIES

   3.  BMW NA is, and at all times herein mentioned was, a Delaware limited liability

company with its principal place of business in Woodcliff Lake, New Jersey.

   4.  BMW NA is informed and believes, and based thereon alleges, that Lyle Andrew

Epstein ("Epstein") is, and at all times herein mentioned was, an individual residing and doing

business in Las Vegas, Nevada.

   5.  BMW NA is informed and believes, and based thereon alleges, that Kortek Services,

Inc. ("Kortek") is a Nevada corporation whose principal place of business was formerly in Las

Vegas, Nevada, but whose charter has been revoked as of the date hereof.

## FIRST CLAIM FOR RELIEF

### (Violation of 49 U.S.C. § 32703(2) -- Epstein)

   6.  The allegations of paragraphs 1 through 5, inclusive, are incorporated by this

reference into this claim for relief insofar as the same may be relevant hereto.

   7.  On or about September 28, 2004, Epstein purchased a new 2004 BMW X3 3.0i

automobile, chassis no. WD00270 ("Vehicle 1") with a manufacturer's suggested retail price of

$44,970.00.

   8.  Pursuant to its New Vehicle Limited Warranty, BMW NA warranted Vehicle 1

against defects in material or workmanship for a period of 48 months or 50,000 miles, whichever

occurs first.  Vehicle 1 was also covered by BMW NA's full maintenance program, which covers all

282291.1

1   factory recommended maintenance for a period of 48 months or 50,000 miles, whichever occurs

2   first.

3        9.      The New Vehicle Limited Warranty is null and void "if the odometer has been

4   replaced or altered and the true mileage cannot be determined."  Similarly, the full maintenance

5   program excludes "alteration" and "odometer irregularities or vehicles where the true mileage cannot

6   be determined."

7        10.     On or about July 29, 2005, Epstein presented Vehicle 1 for service and/or repair,

8   under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

9   authorized service and repair facilities.  At the time the vehicle was presented, Epstein falsely

10  represented to BMW NA, among other things, that Vehicle 1 had only been driven 5,635 miles, as

11  shown on the odometer.

12       11.     On or about September 6, 2005, Epstein presented Vehicle 1 for service and/or repair,

13  under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

14  authorized service and repair facilities.  At the time the vehicle was presented, Epstein falsely

15  represented to BMW NA, among other things, that Vehicle 1 had only been driven 6,221 miles, as

16  shown on the odometer.

17       12.     On or about January 6, 2006, Epstein presented Vehicle 1 for service and/or repair,

18  under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

19  authorized service and repair facilities.  At the time the vehicle was presented, Epstein falsely

20  represented to BMW NA, among other things, that Vehicle 1 had only been driven 15,733 miles, as

21  shown on the odometer.

22       13.     On or about August 23, 2006, Epstein presented Vehicle 1 for service and/or repair,

23  under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

24  authorized service and repair facilities.  At the time the vehicle was presented, Epstein falsely

25  represented to BMW NA, among other things, that Vehicle 1 had only been driven 22,541 miles, as

26  shown on the odometer.

27       14.     On or about March 17, 2007, Epstein presented Vehicle 1 for service and/or repair,

28  under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

282291.1

1  authorized service and repair facilities.  At the time the vehicle was presented, Epstein falsely

2  represented to BMW NA, among other things, that Vehicle 1 had only been driven 23,436 miles, as

3  shown on the odometer.

4        15.     On or about March 30, 2007, Epstein presented Vehicle 1 for service and/or repair,

5  under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

6  authorized service and repair facilities.  At the time the vehicle was presented, Epstein falsely

7  represented to BMW NA, among other things, that Vehicle 1 had only been driven 23,929, miles, as

8  shown on the odometer.

9        16.     BMW NA is informed and believes, and based thereon alleges, that before presenting

10  Vehicle 1 for service and/or repair, as alleged above, Epstein and/or his agents had disconnected,

11  reset, or altered the vehicle's odometer with the intent to change the mileage registered by the

12  odometer, so that the true mileage could not be determined, in violation of 49 U.S.C. § 32703(2)

13  and Nev. Rev. Stat. § 484D.310.

14        17.     BMW NA is informed and believes and based thereon alleges that, on the dates

15  Epstein presented Vehicle 1 for service and/or repair, and represented to BMW NA that Vehicle 1

16  had only been driven the miles shown on the odometer, he knew the representations were false; he

17  knew the vehicle had in fact been driven substantially in excess of the miles shown on the odometer;

18  and he knew that the odometer had been disconnected, reset, or altered.

19        18.     At the time these representations were made, BMW NA was ignorant of their falsity

20  but believed them to be true.  In reliance thereon, BMW NA was induced to service and/or repair

21  Vehicle 1 under the New Vehicle Limited Warranty and the full maintenance program, which it

22  would not have done if it had known that the odometer had been disconnected, reset, or altered.

23        19.     On or about October 26, 2011, BMW NA learned for the first time that Epstein's

24  representations were false and that the odometer had been disconnected, reset, or altered, prior to

25  presentation of the vehicle for service and/or repair.

26        20.     By reason of the facts alleged, BMW NA has been damaged in a sum according to

27  proof at trial.  Pursuant to 49 U.S.C. § 32710(a), Epstein is liable for three times BMW NA's actual

28  damages or $1,500, whichever is greater.  Pursuant to 49 U.S.C. § 32710(b), Epstein is also liable

282291.1

1    for BMW NA's costs and reasonable attorneys' fees.

2    <center>**SECOND CLAIM FOR RELIEF**</center>

3    <center>**(Fraud -- Epstein)**</center>

4      21.    The allegations of paragraphs 1 through 20, inclusive, are incorporated by this

5    reference into this claim for relief insofar as the same may be relevant hereto.

6      22.    BMW NA is informed and believes, and based thereon alleges, that in committing the

7    acts alleged above, Epstein acted in conscious disregard of the rights of BMW NA and was guilty of

8    malice, oppression and/or fraud, in that Epstein altered Vehicle 1's odometer, or caused Vehicle 1's

9    odometer to be altered, with the intent to induce BMW NA to service and/or repair Vehicle 1 under

10    the New Vehicle Limited Warranty and the full maintenance program, even though Epstein was not

11    entitled to have Vehicle 1 serviced and/or repaired under the New Vehicle Limited Warranty and the

12    full maintenance program. Epstein's conduct warrants an assessment of punitive damages in an

13    amount appropriate to punish Epstein and deter others from engaging in similar wrongful conduct.

14    <center>**THIRD CLAIM FOR RELIEF**</center>

15    <center>**(Violation of 49 U.S.C. § 32703(2) -- Epstein and Kortek)**</center>

16      23.    The allegations of paragraphs 1 through 5, inclusive, are incorporated by this

17    reference into this claim for relief insofar as the same may be relevant hereto.

18      24.    On or about June 19, 2008, Epstein and Kortek purchased a new 2008 BMW X5 3.0si

19    automobile, chassis no. L029192 ("Vehicle 2"), for a total sales price of $51,191.00.

20      25.    Pursuant to its New Vehicle Limited Warranty, BMW NA warranted Vehicle 2

21    against defects in materials or workmanship for a period of 48 months or 50,000 miles, whichever

22    occurs first. Vehicle 2 was also covered by BMW NA's full maintenance program, which covers all

23    factory recommended maintenance for a period of 48 months or 50,000 miles, whichever occurs

24    first.

25      26.    The New Vehicle Limited Warranty is null and void "if the odometer has been

26    replaced or altered and the true mileage cannot be determined." Similarly, the full maintenance

27    program excludes "alteration" and "odometer irregularities or vehicles where the true mileage cannot

28    be determined."

282291.1

27.     On or about June 22, 2009, defendants presented Vehicle 2 for service and/or repair, under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's authorized service and repair facilities. At the time the vehicle was presented, defendants represented to BMW NA, among other things, that Vehicle 2 had only been driven 6,671 miles, as shown on the odometer.

28.     On or about July 1, 2009, defendants presented Vehicle 2 for service and/or repair, under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's authorized service and repair facilities. At the time the vehicle was presented, defendants represented to BMW NA, among other things, that Vehicle 2 had only been driven 6,960 miles, as shown on the odometer.

29.     On or about July 9, 2009, defendants presented Vehicle 2 for service and/or repair, under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's authorized service and repair facilities. At the time the vehicle was presented, defendants represented to BMW NA, among other things, that Vehicle 2 had only been driven 7,244 miles, as shown on the odometer.

30.     On or about August 17, 2009, defendants presented Vehicle 2 for service and/or repair, under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's authorized service and repair facilities. At the time the vehicle was presented, defendants represented to BMW NA, among other things, that Vehicle 2 had only been driven 9,840 miles, as shown on the odometer.

31.     On or about November 30, 2009, defendants presented Vehicle 2 for service and/or repair, under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's authorized service and repair facilities. At the time the vehicle was presented, defendants represented to BMW NA, among other things, that Vehicle 2 had only been driven 10,119 miles, as shown on the odometer.

32.     On or about December 4, 2009, defendants presented Vehicle 2 for service and/or repair, under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's authorized service and repair facilities. At the time the vehicle was presented, defendants

282291.1

1  represented to BMW NA, among other things, that Vehicle 2 had only been driven 10,441 miles, as

2  shown on the odometer.

3      33.    BMW NA is informed and believes, and based thereon alleges, that before presenting

4  Vehicle 2 for service and/or repair, as alleged above, defendants and/or their agents had

5  disconnected, reset, or altered the vehicle's odometer with the intent to change the mileage registered

6  by the odometer, so that the true mileage could not be determined, in violation of 49 U.S.C. §

7  32703(2) and Nev. Rev. Stat. § 484D.310.

8      34.    BMW NA is informed and believes and based thereon alleges that, on the dates

9  defendants presented Vehicle 2 for service and/or repair, and represented to BMW NA that Vehicle

10  2 had only been driven the miles shown on the odometer, defendants, and each of them, knew the

11  representations were false; they knew the vehicle had in fact been driven substantially in excess of

12  the miles shown on the odometer; and they knew that the odometer had been disconnected, reset, or

13  altered.

14      35.    At the time these representations were made, BMW NA was ignorant of their falsity

15  but believed them to be true.  In reliance thereon, BMW NA was induced to service and/or repair

16  Vehicle 2 under the New Vehicle Limited Warranty and the full maintenance program, which it

17  would not have done if it had known that the odometer had been disconnected, reset, or altered.

18      36.    On or about October 26, 2011, BMW NA learned for the first time that defendants'

19  representations were false and that the odometer had been disconnected, reset, or altered, prior to

20  presentation of the vehicle for service and/or repair.

21      37.    By reason of the facts alleged, BMW NA has been damaged in a sum according to

22  proof at trial.  Pursuant to 49 U.S.C. § 32710(a), defendants are liable for three times BMW NA's

23  actual damages or $1,500, whichever is greater.  Pursuant to 49 U.S.C. § 32710(b), defendants are

24  also liable for BMW NA's costs and reasonable attorneys' fees.

25                          **FOURTH CLAIM FOR RELIEF**

26                **(Violation of 49 U.S.C. § 32703(2) -- Epstein and Kortek)**

27      38.    The allegations of paragraphs 1 through 5 and 23 through 37, inclusive, are

28  incorporated by this reference into this claim for relief insofar as the same may be relevant hereto.

282291.1

39.     On or about September 15, 2009, defendants, through their attorney, falsely represented to BMW NA that Vehicle 2 was defective and demanded that BMW NA repurchase or replace the vehicle, under Nev. Rev. Stat. § 597.630, and pay their attorney's fees and costs.

40.     Vehicles which have been abused, neglected, damaged, tampered with, modified and/or altered are not eligible for replacement or refund the purchase price under Nev. Rev. Stat. § 597.630.

41.     BMW NA is informed and believes and based thereon alleges that at the time defendants represented to BMW NA that Vehicle 2 was defective and could not be repaired, and demanded that BMW NA repurchase or replace Vehicle 2 and pay their attorney's fees and costs, they knew the representation was false; they knew they were not entitled to have Vehicle 2 repurchased or replaced; they knew that the odometer had been disconnected, reset, or altered; they knew that the alleged "defects" were not covered by the New Vehicle Limited Warranty or maintenance program because the "defects" were caused by tampering rather than a defect in material or workmanship; and they knew that vehicles which have been abused, neglected, damaged, tampered with, modified or altered are not eligible for replacement or a refund under Nev. Rev. Stat. § 597.630.

42.     At the time these representations were made, BMW NA was ignorant of their falsity but believed them to be true. In reliance thereon, BMW NA was induced to repurchase Vehicle 2 in the sum of $55,716.88 and to pay defendants' attorney's fees in the sum of $2,000.00, which BMW NA would not have done if it had known that the odometer had been disconnected, reset, or altered.

43.     BMW NA is informed and believes, and based thereon alleges, that on or about November 2, 2009, defendants transferred Vehicle 2 to BMW NA but did not make an accurate written disclosure of the vehicle's mileage, as required 49 U.S.C. § 32705(a)(1). BMW NA is further informed and believes, and based thereon alleges, that on or about November 2, 2009, defendants made a false statement to BMW NA regarding the vehicle's mileage, in connection with the transfer of the vehicle, in violation of 49 U.S.C. § 32705(a)(2).

44.     On or about October 26, 2011, BMW NA learned for the first time that defendants' representations were false and that the odometer had been disconnected, reset, or altered, prior to

282291.1

1 | presentation of the vehicle for service and/or repair.

2 |      45.    By reason of the facts alleged, BMW NA has been damaged in a sum according to

3 | proof at trial.  Pursuant to 49 U.S.C. § 32710(a), defendants are liable for three times BMW NA's

4 | actual damages or $1,500, whichever is greater.  Pursuant to 49 U.S.C. § 32710(b), defendants are

5 | also liable for BMW NA's costs and reasonable attorneys' fees.

6 | **FIFTH CLAIM FOR RELIEF**

7 | **(Fraud -- Epstein and Kortek)**

8 |      46.    The allegations of paragraphs 1 through 5 and 23 through 45, inclusive, are

9 | incorporated by this reference into this claim for relief insofar as the same may be relevant hereto.

10 |      47.    BMW NA is informed and believes, and based thereon alleges, that in committing the

11 | acts alleged above, defendants, and each of them, acted in conscious disregard of the rights of BMW

12 | NA and were guilty of malice, oppression and/or fraud, in that defendants altered Vehicle 2's

13 | odometer, or caused Vehicle 2's odometer to be altered, with the intent to induce BMW NA to

14 | service and/or repair Vehicle 2 under the New Vehicle Limited Warranty and the full maintenance

15 | program, and to repurchase the vehicle, even though defendants were not entitled to have Vehicle 2

16 | serviced and/or repaired under the New Vehicle Limited Warranty and the full maintenance

17 | program, and were not entitled to have the vehicle repurchased.  The defendants' conduct warrants

18 | an assessment of punitive damages in an amount appropriate to punish defendants and deter others

19 | from engaging in similar wrongful conduct.

20 | **SIXTH CLAIM FOR RELIEF**

21 | **(Violation of 49 U.S.C. § 32703(2) -- Epstein)**

22 |      48.    The allegations of paragraphs 1 through 5, inclusive, are incorporated by this

23 | reference into this claim for relief insofar as the same may be relevant hereto.

24 |      49.    On or about December 26, 2009, Epstein purchased a new 2010 BMW X5 xDrive35d

25 | automobile, chassis no. LT75748 ("Vehicle 3") with a manufacturer's suggested retail price of

26 | $59,075.00.

27 |      50.    Pursuant to its New Vehicle Limited Warranty, BMW NA warranted Vehicle 3

28 | against defects in materials or workmanship for a period of 48 months or 50,000 miles, whichever

282291.1

1  occurs first. Vehicle 3 was also covered by BMW NA's full maintenance program, which covers all

2  factory recommended maintenance for a period of 48 months or 50,000 miles, whichever occurs

3  first.

4       51.    The New Vehicle Limited Warranty is null and void "if the odometer has been

5  replaced or altered and the true mileage cannot be determined." Similarly, the full maintenance

6  program excludes "alteration" and "odometer irregularities or vehicles where the true mileage cannot

7  be determined."

8       52.    On or about February 25, 2011, Epstein presented Vehicle 3 for service and/or repair,

9  under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

10  authorized service and repair facilities. At the time the vehicle was presented, Epstein falsely

11  represented to BMW NA, among other things, that Vehicle 3 had only been driven 3,720 miles, as

12  shown on the odometer.

13       53.    On or about April 6, 2011, Epstein presented Vehicle 3 for service and/or repair,

14  under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

15  authorized service and repair facilities. At the time the vehicle was presented, Epstein falsely

16  represented to BMW NA, among other things, that Vehicle 3 had only been driven 4,135 miles, as

17  shown on the odometer.

18       54.    On or about June 17, 2011, Epstein presented Vehicle 3 for service and/or repair,

19  under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

20  authorized service and repair facilities. At the time the vehicle was presented, Epstein falsely

21  represented to BMW NA, among other things, that Vehicle 3 had only been driven 6,233 miles, as

22  shown on the odometer.

23       55.    On or about July 18, 2011, Epstein presented Vehicle 3 for service and/or repair,

24  under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

25  authorized service and repair facilities. At the time the vehicle was presented, Epstein falsely

26  represented to BMW NA, among other things, that Vehicle 3 had only been driven 7,617 miles, as

27  shown on the odometer.

28       56.    On or about August 16, 2011, Epstein presented Vehicle 3 for service and/or repair,

282291.1

1 | under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

2 | authorized service and repair facilities.  At the time the vehicle was presented, Epstein falsely

3 | represented to BMW NA, among other things, that Vehicle 3 had only been driven 10,688 miles, as

4 | shown on the odometer.

5 |      57.    On or about September 16, 2011, Epstein presented Vehicle 3 for service and/or

6 | repair, under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

7 | authorized service and repair facilities.  At the time the vehicle was presented, Epstein falsely

8 | represented to BMW NA, among other things, that Vehicle 3 had only been driven 12,301 miles, as

9 | shown on the odometer.

10 |      58.    On or about October 26, 2011, Epstein presented Vehicle 3 for service and/or repair,

11 | under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

12 | authorized service and repair facilities.  At the time the vehicle was presented, Epstein falsely

13 | represented to BMW NA, among other things, that Vehicle 3 had only been driven 12,989 miles, as

14 | shown on the odometer.

15 |      59.    BMW NA is informed and believes, and based thereon alleges, that before presenting

16 | Vehicle 3 for service and/or repair, as alleged above, Epstein and/or his agents had disconnected,

17 | reset, or altered the vehicle's odometer with the intent to change the mileage registered by the

18 | odometer, so that the true mileage could not be determined, in violation of 49 U.S.C. § 32703(2)

19 | and Nev. Rev. Stat. § 484D.310.

20 |      60.    BMW NA is informed and believes and based thereon alleges that, on the dates

21 | Epstein presented Vehicle 3 for service and/or repair, and represented to BMW NA that Vehicle 3

22 | had only been driven the miles shown on the odometer, he knew the representations were false; he

23 | knew the vehicle had in fact been driven substantially in excess of the miles shown on the odometer;

24 | and he knew that the odometer had been disconnected, reset, or altered.

25 |      61.    At the time these representations were made, BMW NA was ignorant of their falsity

26 | but believed them to be true.  In reliance thereon, BMW NA was induced to service and/or repair

27 | Vehicle 3 under the New Vehicle Limited Warranty and the full maintenance program, which it

28 | would not have done if it had known that the odometer had been disconnected, reset, or altered.

282291.1

62.     On or about October 26, 2011, BMW NA learned for the first time that Epstein's representations were false and that the odometer had been disconnected, reset, or altered, prior to presentation of the vehicle for service and/or repair.

63.     By reason of the facts alleged, BMW NA has been damaged in a sum according to proof at trial.  Pursuant to 49 U.S.C. § 32710(a), Epstein is liable for three times BMW NA's actual damages or $ 1,500, whichever is greater.  Pursuant to 49 U.S.C. § 32710(b), Epstein is also liable for BMW NA's costs and reasonable attorneys' fees.

## SEVENTH CLAIM FOR RELIEF

### (Fraud -- Epstein)

64.     The allegations of paragraphs 1 through 5 and 48 through 63, inclusive, are incorporated by this reference into this claim for relief insofar as the same may be relevant hereto.

65.     BMW NA is informed and believes, and based thereon alleges, that in committing the acts alleged above, Epstein acted in conscious disregard of the rights of BMW NA and was guilty of malice, oppression and/or fraud, in that, among other things, Epstein altered Vehicle 3's odometer with the intent to induce BMW NA to service and/or repair Vehicle 3 under the New Vehicle Limited Warranty and the full maintenance program, even though Epstein was not entitled to have Vehicle 3 serviced and/or repaired under the New Vehicle Limited Warranty and the full maintenance program.  Epstein's conduct warrants an assessment of punitive damages in an amount appropriate to punish Epstein and deter others from engaging in similar wrongful conduct.

## EIGHTH CLAIM FOR RELIEF

### (Fraud -- Epstein)

66.     The allegations of paragraphs 1 through 5 and 48 through 65, inclusive, are incorporated by this reference into this claim for relief insofar as the same may be relevant hereto.

67.     The New Vehicle Limited Warranty does not apply to the following:

(a)     Damage which results from negligence, improper operation of the vehicle, improper repair, lack of or improper maintenance, environmental influences, flood, accident or fire damage, road salt corrosion, or use of improper or contaminated fuel.

(b)     Damage to the engine, transmission or any related component caused by improper

282291.1

1 | shifting of the transmission.

2 |     (c)    Failure to maintain the vehicle properly in accordance with the instructions in the

3 | Owner's Manual or the Service section, that results in the failure of any part of the vehicle.

4 |     68.    The full maintenance program does not cover damage which results from negligence,

5 | improper operation of the vehicle, wear and tear or deterioration due to driving habits or conditions,

6 | improper repair, environmental influences, flood, accident or fire damage, road salt corrosion,

7 | alteration, installation of non-BMW accessories, or use of improper, poor quality or contaminated

8 | fuel. It also does not cover vehicles with an altered or unreadable Vehicle Identification Number

9 | (VIN) or odometer irregularities or vehicles where the true mileage cannot be determined.

10 |     69.    Vehicles which have been abused, neglected, damaged, tampered with, modified

11 | and/or altered are not eligible for replacement or refund the purchase price under Nev. Rev. Stat. §

12 | 597.630.

13 |     70.    On or about February 25, 2011, Epstein presented Vehicle 3 for service and/or repair,

14 | under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

15 | authorized service and repair facilities. At the time the vehicle was presented, Epstein falsely

16 | represented to BMW NA, among other things, that Vehicle 3 needed to be serviced and/or repaired

17 | as a result of a defect in materials or workmanship.

18 |     71.    On or about June 22, 2011, Epstein presented Vehicle 3 for service and/or repair,

19 | under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

20 | authorized service and repair facilities. At the time the vehicle was presented, Epstein falsely

21 | represented to BMW NA, among other things, that Vehicle 3 needed to be serviced and/or repaired

22 | as a result of a defect in materials or workmanship.

23 |     72.    On or about October 26, 2011, Epstein presented Vehicle 3 for service and/or repair,

24 | under the New Vehicle Limited Warranty and/or full maintenance program, at BMW NA's

25 | authorized service and repair facilities. At the time the vehicle was presented, Epstein falsely

26 | represented to BMW NA, among other things, that Vehicle 3 needed to be serviced and/or repaired

27 | as a result of a defect in materials or workmanship.

28 |     73.    BMW NA is informed and believes, and based thereon alleges, that before presenting

282291.1

1   Vehicle 3 for service and/or repair, as alleged above, Epstein and/or his agents had abused,

2   neglected, damaged, tampered with and/or made unauthorized modifications or alterations to

3   Vehicle 3, so as to cause the alleged problem(s) with the vehicle of which Epstein complained.

4         74.    BMW NA is informed and believes and based thereon alleges that, on the dates

5   Epstein presented Vehicle 3 for service and/or repair, and represented to BMW NA that Vehicle 3

6   needed to be serviced and/or repaired as a result of a defect in materials or workmanship, Epstein

7   knew the representations were false; he knew Vehicle 3 had in fact been abused, neglected,

8   damaged, tampered with, modified or altered; and he knew that Vehicle 3 was not eligible to be

9   serviced and/or repaired under the New Vehicle Limited Warranty and/or the full maintenance

10   program.

11         75.    At the time these representations were made, BMW NA was ignorant of their falsity

12   but believed them to be true.  In reliance thereon, BMW NA was induced to service and/or repair

13   Vehicle 3 under the New Vehicle Limited Warranty and the full maintenance program, which it

14   would not have done if it had known that the vehicle had been abused, neglected, damaged,

15   tampered with, modified or altered.

16         76.    On or about October 26, 2011, BMW NA learned for the first time that Epstein's

17   representations were false and that Vehicle 3 had been abused, neglected, damaged, tampered with,

18   modified or altered prior to presentation of the vehicle for service and/or repair.

19         77.    By reason of the facts alleged, BMW NA has been damaged in a sum according to

20   proof at trial.

21         78.    BMW NA is informed and believes, and based thereon alleges, that in committing the

22   acts alleged above, Epstein acted in conscious disregard of the rights of BMW NA and was guilty of

23   malice, oppression and/or fraud, in that Epstein and/or his agents damaged, tampered with or altered

24   Vehicle 3 with the intent: (a) to induce BMW NA to service and/or repair Vehicle 3 under the New

25   Vehicle Limited Warranty and the full maintenance program, even though Epstein was not entitled

26   to have Vehicle 3 serviced and/or repaired under the New Vehicle Limited Warranty and the full

27   maintenance program; and (b) to fabricate a record of repair attempts so as to be able to demand that

28   BMW NA replace Vehicle 3 or refund the purchase price pursuant to Nev. Rev. Stat. § 597.630,

282291.1

1   even though Epstein was not entitled to replacement of Vehicle 3 or a refund of the purchase price.

2   Epstein's conduct warrants an assessment of punitive damages in an amount appropriate to punish

3   Epstein and deter others from engaging in similar wrongful conduct.

4         WHEREFORE, BMW OF NORTH AMERICA, LLC prays for judgment against defendants,

5   and each of them, as follows:

6         (a)    For damages according to proof at trial, plus interest thereon at the maximum legal

7                 rate;

8         (b)    For three times actual damages, pursuant to 49 U.S.C. § 32710(a);

9         (c)    For punitive damages;

10        (d)    For costs incurred herein, including reasonable attorneys' fees, pursuant to 49 U.S.C.

11                § 32710(b); and

12        (e)    For such other and further relief as the Court may deem just and proper.

13        DATED this _29_ day of November, 2011.

14

15                    **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

16

                  BY: _Sheri Thome_

17                      Sheri M. Thome, Esq.

18                      Nevada Bar No. 008657
                    300 South Fourth Street, 11th Floor

19                      Las Vegas, Nevada  89101

20                      ~and~

21                      Kate S. Lehrman, Esq.
                    California Bar No. 123050

22                      Robert A. Philipson, Esq.
                    California Bar No. 108940

23                      **ROGAN LEHRMAN LLP**
                    12121 Wilshire Boulevard, Suite 1300

24                      Los Angeles, California 90025-1166
                    *Attorneys for Plaintiff*

25

26  . . .

27  . . .

28  . . .

282291.1

**DEMAND FOR JURY TRIAL**

Plaintiff BMW OF NORTH AMERICA, LLC demands trial by jury.

DATED this _29_ day of November, 2011.

<div align="right">

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY: _____

Sheri M. Thome, Esq.
Nevada Bar No. 008657
300 South Fourth Street, 11th Floor
Las Vegas, Nevada  89101

~and~

Kate S. Lehrman, Esq.
California Bar No. 123050
Robert A. Philipson, Esq.
California Bar No. 108940
**ROGAN LEHRMAN LLP**
12121 Wilshire Boulevard, Suite 1300
Los Angeles, California 90025-1166
*Attorneys for Plaintiff*

</div>

282291.1