1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                    * * *

9    BMW NA OF NORTH AMERICA, LLC      )
                                       )
10                Plaintiff,           )        2:11-cv-1909-LRH-PAL
                                       )
11   v.                                )
                                       )        ORDER
12   LYLE ANDREW EPSTEIN; et al.,      )
                                       )
13                Defendants.          )
     _____ )

14

15          Before the court is plaintiff BMW NA of North America, LLC's ("BMW") motion to

16   dismiss defendants' counterclaim for abuse of process. Doc. #11.[1] Defendant Lyle Andrew Epstein

17   ("Epstein") did not file an opposition.

18          On November 29, 2011, BMW filed a complaint against defendants for fraud. Doc. #1. In

19   response, defendant Epstein filed an answer and counterclaim for abuse of process. Doc. #8.

20   Thereafter, BMW filed the present motion to dismiss the counterclaim (Doc. #11) to which Epstein

21   did not respond.

22          While the failure of an opposing party to file points and authorities in response to any

23   motion shall constitute a consent to the granting of the motion under LR 7-2(d), Epstein's failure to

24   file an opposition, in and of itself, is an insufficient ground for dismissal of his claim. *See Ghazali*

25

26
     _____

          [1] Refers to the court's docketing number.

*v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing a cause of action, a district court is required to weigh several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and (5) the availability of less dramatic sanctions. *Id*.

Here, these factors weigh in favor of dismissing Epstein's counterclaim. The need for the expeditious resolution of cases on the court's docket is strong. BMW has an interest in resolving this matter in a timely manner. Further, there is a lack of prejudice because Epstein has shown an unwillingness to continue litigating his counterclaim which weighs in favor of granting the motion. Additionally, although public policy favors a resolution on the merits, the court finds that dismissal of Epstein's counterclaim is warranted in light of these other considerations.

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss (Doc. #11) is GRANTED. Defendant's counterclaim for abuse of process is DISMISSED.

IT IS SO ORDERED.

DATED this 28th day of March, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE