# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, | |
| Plaintiff, | Case No. 2:11-cv-01909-LRH-PAL |
| vs. | **ORDER** |
| KORTEK SERVICES, INC., et al., | (Counter Motion to Preclude - Dkt. #36) |
| Defendants. | |

Before the court is Defendants' Counter Motion to Preclude Plaintiff from Designating Any Further Expert Witnesses and to Require Plaintiff to Amend its Current Expert Disclosures to Comply with FRCP 26(a)(2)(C), or Alternatively to Strike Plaintiff's "No Report" Experts (Dkt. #36) filed September 8, 2012.

The court conducted a hearing on September 11, 2012, on Plaintiff's Motion to Extend Time (Dkt. #33). Before the hearing, the Defendants filed an Opposition to the Motion (Dkt. #35) and a Counter Motion to Compel (Dkt. #36). The court heard arguments on the Motion to Extend Time, and granted Plaintiff's motion to extend time for the limited purposes described in the motion. The court also heard oral argument on the Counter Motion to Compel. The court inquired whether counsel for Plaintiff needed an opportunity to file a written opposition. Counsel for Plaintiff agreed to submit the matter to the court without further briefing based on oral arguments at the hearing. The counter motion consisted of 240 pages with exhibits. The court reviewed the counter motion, but had not had the opportunity to review all of the exhibits at the time of the hearing. The court, therefore, took the matter under advisement and indicated a written order would issue.

The remaining dispute which the court did not resolve at the September 11, 2012, hearing, involves a dispute over the adequacy of Plaintiff's initial disclosures and the failure to provide an expert

witness report for certain witnesses identified in the initial disclosures. Plaintiff designated Gary Barsegyan, a Technical Support Engineer for BMW, N.A., as an expert witness who would present evidence under Federal Rules of Evidence 702, 703 or 705. Plaintiff served an expert report for Mr. Barsegyan. In addition, Plaintiff's initial disclosures identified fifteen other additional "percipient witnesses who may possess incidental expert opinions based on their respective technical training, knowledge, and experience in inspecting, servicing, and repairing BMW motor vehicles, including one or more of the vehicles at issue in this action." The only description provided for their testimony was that they would provide testimony concerning "observations they made, the conclusions they reached, and the work they performed."

Defendants claim that these are not percipient witnesses because the initial disclosures clearly indicate that they have "incidental expert opinions", and may have reached opinions or conclusions based on special technical knowledge and experience. Defendants attempted to obtain additional information about these fifteen individuals by propounding Interrogatory No. 21, served May 16, 2012. The interrogatory asks the Plaintiff to identify "all persons you believe or intend to give any type of expert testimony at the time of trial, whether said person is a retained or non-retained expert." Plaintiff responded by objecting that the interrogatory was "vague, ambiguous, compound and prolix." Plaintiff also objected that the phrase "any type of expert testimony" was vague and ambiguous, and on the grounds that the interrogatory sought disclosure of trial strategy and attorney work product. However, without waiving these objections, it identified Gary Barsegyan as a witness who may present evidence at trial under Federal Rules of Evidence 702, 703 and 705. In addition, Plaintiff identified BMW, N.A. employees Craig Jackson and Nathan Hood, as well as employees of Desert BMW identified in documents produced by BMW, N.A., as persons who have technical expertise and personal knowledge regarding the vehicles in dispute in this case.

On August 4, 2012, Defendants' counsel sent an email to counsel for Plaintiff objecting, inter alia, to the adequacy of Plaintiff's Response to Answer to Interrogatory No. 21. The email requested that Plaintiff "specifically identify all persons who BMW intends to offer expert testimony at trial, either as to technical testimony or opinions, and their addresses, as well as the specific description as to what they will be testifying about."

1	A follow-up telephone call occurred on August 27, 2012.  Counsel for Defendants clarified that it was not Defendants' position that each of these witnesses were required to comply with the expert disclosure requirements of Rule 26(a)(2)(C).  However, defense counsel requested that Plaintiff set forth with particularity what facts and opinions these persons would testify to at the time of trial.  Counsel for Plaintiff took the position that his disclosures were adequate because these were percipient witnesses and no further disclosure was needed.

	Having reviewed and considered the motion, supporting exhibits, and the arguments of counsel at the September 11, 2012, hearing, the court finds that Plaintiff's Answer to Interrogatory No. 21 is inadequate and must be supplemented.  During oral argument, counsel for Plaintiff indicated that Answer to Interrogatory No. 21 merely identified all persons believed to have any knowledge of this case from documents produced in discovery.  All of these individuals were listed in an abundance of caution to provide opposing counsel with notice of possible witnesses in this case.  The court agrees that Interrogatory No. 21 is poorly phrased and somewhat ambiguous.  However, it is clear that what Defendant is seeking is information concerning the substance of each witnesses' knowledge and anticipated testimony, if any.  The court will therefore compel the Plaintiff to supplement Answer to Interrogatory No. 21, to provide more detailed information concerning the substance of each person's knowledge.  If counsel for Plaintiff does not know what the witness knows and has only identified the witness based on a review of documents the supplemental answer may simply so state.  However, to the extent counsel has information that the witness has relevant and discoverable information the supplemental Answer to Interrogatory No. 21 shall state, with specificity, the substance of the person's knowledge.  Counsel for Plaintiff shall be required to disclose all information the Plaintiff has concerning the percipient witnesses knowledge, and any special technical knowledge and experience each witness has relevant to the parties' claims and defenses.

	Counsel for the parties also  reminded of their obligation under Rule 26(e) to supplement and correct their disclosures and discovery responses in a timely manner if they or their clients learn that a disclosure or response "is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed R.Civ. P. 26(e)(A).

**IT IS ORDERED** that:

1. Defendants' Counter Motion (Dkt. #36) is **GRANTED** to the extent that Plaintiff shall have until **October 1, 2012,** to supplement its Answer to Interrogatory No. 21 consistent with the body of this order.

2. Any request for relief not specifically addressed in this order is **DENIED**.

Dated this 17th day of September, 2012.

_____
Peggy A. Leen
United States Magistrate Judge