UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>LYLE ANDREW EPSTEIN, an individual; KORTEK SERVICES, INC., a Nevada corporation,<br><br>    Defendants. | CASE NO: 2:11-cv-01909-LRH-PAL<br><br>**STIPULATION FOR ENTRY OF JUDGMENT AND JUDGMENT THEREON**<br><br><br>DISCOVERY CUT-OFF:   NONE<br>MOTION CUT-OFF:       NONE<br>TRIAL DATE:                  NONE |

IT IS HEREBY STIPULATED by and between plaintiff, BMW of North America, LLC ("BMW NA"), and defendants, Lyle Andrew Epstein ("Epstein") and Kortek Services, Inc. ("Kortek"), as follows:

1. This Court has original subject matter jurisdiction of this action, pursuant to 28 U.S.C. sections 1331 and 49 U.S.C. section 32710(b), because this action arises under the laws of the United States. This Court also has original subject matter jurisdiction of this action, pursuant to 28 U.S.C. section 1332(a)(3), because it is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court has supplemental subject matter jurisdiction over the claims set forth in the Complaint pursuant to 28 U.S.C. section 1367(a), because the claims set forth therein are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

2. Venue is proper in this district, pursuant to 28 U.S.C. section 1391(b) because, among other things, defendants reside in this district and a substantial part of the events or omissions giving rise to BMW NA's claims occurred in this district.

3. Judgment shall be entered in favor of BMW NA and against Epstein and Kortek, and each of them, for the sum of One Hundred Fifty Thousand Dollars ($150,000.00). The judgment shall be inclusive of attorney's fees and costs, provided it is timely paid in full by March 12, 2013, in the following manner:

    (a) The sum of Twenty Five Thousand Dollars ($25,000.00) shall be paid on or before December 12, 2012.

    (b) The sum of Twenty Thousand Dollars ($20,000.00) shall be paid on or before January 25, 2013.

    (c) The sum of One Hundred Five Thousand Dollars ($105,000.00) shall be paid on or before March 12, 2013.

Payment shall be made by cashier's check, payable to "BMW of North America, LLC," and shall be delivered to BMW NA's attorneys, RoganLehrman LLP.

4. BMW NA will not execute on the judgment, provided the judgment is timely paid in full in the manner set forth in paragraph 3. If the judgment is timely paid in full in the manner set forth in paragraph 3, BMW NA will execute and file an acknowledgement of satisfaction of judgment, and the judgment shall be inclusive of attorney's fees and costs.

5. If the judgment is not timely paid in full in the manner set forth in paragraph 3, the judgment shall not be inclusive of attorney's fees and costs. Instead, BMW NA shall be deemed the prevailing party and entitled to recover its costs incurred herein, including reasonable attorneys' fees, upon bill of costs and Motion filed and served no later than fourteen (14) days after March 12, 2013. BMW NA may also proceed with execution, including discovery in aid of execution, and the judgment shall accrue interest at the maximum legal rate, from December 12, 2012.

6. This stipulation does not constitute, and shall not be interpreted to constitute, either an admission by the defendants or a finding by the Court that defendants engaged in any violation of law or in any of the acts alleged in the Complaint.

7. The parties request that the Court retain jurisdiction over them to enforce the judgment until performance in full of its terms.

Dated: December 7, 2012

_____
LYLE ANDREW EPSTEIN

KORTEK SERVICES, INC.

Dated: December 7, 2012

_____
LYLE ANDREW EPSTEIN

Dated: December 7, 2012

_____
GEORGE O. WEST, III
Attorney for Defendants
LYLE ANDREW EPSTEIN and
KORTEK SERVICES, INC.

WILSON, ELSER, MOSKOWITZ,
EDELMAN
& DICKER LLP

_____
Sheri M. Thome, Esq.
Nevada Bar No. 008657
300 South Fourth Street, 11th Floor
Las Vegas, Nevada 89101

~and~

Kate S. Lehrman, Esq.
California Bar No. 123050
Robert A. Philipson, Esq.
California Bar No. 108940
**ROGAN LEHRMAN LLP**
12121 Wilshire Boulevard, Suite 1300
Los Angeles, California 90025-1166
*Attorneys for Plaintiff*

4

# JUDGMENT

In the above-entitled cause, plaintiff, BMW of North America, LLC ("BMW NA"), and defendants, Lyle Andrew Epstein ("Epstein") and Kortek Services, Inc. ("Kortek"), having stipulated that judgment be entered,

IT IS HEREBY ADJUDGED, ORDERED AND DECREED that judgment be entered pursuant to the terms of the stipulation between the parties, as follows:

1. This Court has original subject matter jurisdiction of this action, pursuant to 28 U.S.C. section 1331 and 49 U.S.C. section 32710(b), because this action arises under the laws of the United States. This Court also has original subject matter jurisdiction of this action, pursuant to 28 U.S.C. section 1332(a)(3), because it is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court has supplemental subject matter jurisdiction over the claims set forth in the Complaint pursuant to 28 U.S.C. section 1367(a), because the claims set forth therein are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

2. Venue is proper in this district, pursuant to 28 U.S.C. section 1391(b) because, among other things, defendants reside in this district and a substantial part of the events or omissions giving rise to BMW NA's claims occurred in this district.

3. BMW NA shall have and recover from Epstein and Kortek, and each of them, the sum of One Hundred Fifty Thousand Dollars ($150,000.00). The judgment shall be inclusive of attorney's fees and costs, provided it is timely paid in full by March 12, 2013, in the following manner:

   (a) The sum of Twenty Five Thousand Dollars ($25,000.00) shall be paid on or before December 12, 2012.

   (b) The sum of Twenty Thousand Dollars ($20,000.00) shall be paid on or before January 25, 2013.

(c) The sum of One Hundred Five Thousand Dollars ($105,000.00) shall be paid on or before March 12, 2013.

Payment shall be made by cashier's check, payable to "BMW of North America, LLC," and shall be delivered to BMW NA's attorneys, RoganLehrman LLP.

4. BMW NA shall not execute on the judgment, provided the judgment is timely paid in full in the manner set forth in paragraph 3. If the judgment is timely paid in full in the manner set forth in paragraph 3, BMW NA shall execute and file an acknowledgement of satisfaction of judgment, and the judgment shall be inclusive of attorney's fees and costs.

5. If the judgment is not timely paid in full in the manner set forth in paragraph 3, the judgment shall not be inclusive of attorney's fees and costs. Instead, BMW NA shall be deemed the prevailing party and entitled to recover its costs incurred herein, including reasonable attorneys' fees, upon bill of costs and Motion filed and served no later than fourteen (14) days after March 12, 2013. BMW NA may also proceed with execution, including discovery in aid of execution, and the judgment shall accrue interest at the maximum legal rate, from December 12, 2012.

6. This judgment does not constitute, and shall not be interpreted to constitute, either an admission by the defendants or a finding by the Court that defendants engaged in any violation of law or in any of the acts alleged in the Complaint.

7. The Court shall retain jurisdiction over the parties to enforce the judgment until performance in full of its terms.

DATED: December 11, 2012

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

6